**EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
VIRGIN ENTERPRISES LIMITED,                                       :
                                                                  :    ECF CASE
                                   Plaintiff,                     :
                                                                  :    07 Civ. 6234 (LAP)
        - against -                                               :
                                                                  :
THOMAS FRANK, VIRGIN-INVESTMENT.COM,                              :    AMENDED COMPLAINT
N.C. SMOL, VIRGIN-AMERICA.COM, DIRECT                             :
INFORMATION PVT LTD, VIRGINMACAU.COM,                             :
C3 FINANCIAL SERVICES, INC.,                                      :
VIRGINMONEYUSA.COM, INTERNET EQUITY                               :
INVESTORS, LLC, VIRGINPROPERTIES.COM,                             :
1734488 ONTARIO INC., VIRGINPROPERTIES.NET,                       :
QUENTRALL AIR CONDITIONING SERVICES, and                          :
VIRGIN-PROPERTIES.COM,                                            :
                                                                  :
                                   Defendants.                    :
                                                                  :
------------------------------------------------------------------x

Plaintiff Virgin Enterprises Limited, by its attorneys, Fried, Frank, Harris, Shriver &

Jacobson LLP, for its complaint in this action alleges:

## PARTIES AND JURISDICTION

1.      Plaintiff Virgin Enterprises Limited ("VEL") is a corporation organized and existing under the laws of England and Wales, having its principal place of business located at 120 Campden Hill Road, London W8 7AR, England.

2.      On information and belief, defendant Thomas Frank ("Frank"), using the alias "Virgin Holding Corp. SA," is the registrant of the Internet Domain name VIRGIN-INVESTMENT.COM, having a mail drop at EPS-D 711, 7801 N.W. 37th Street, Miami, Florida 33166-6559.

3. On information and belief, defendant N.C. Smol ("Smol") is the registrant domain name VIRGIN-AMERICA.COM, having an address at 126 Jan Smol, Hillegom, The Netherlands.

4. On information and belief, defendant Direct Information Pvt Ltd ("DIPL") is the registrant of the domain name VIRGINMACAU.COM and is a corporation organized and existing under the laws of India, having its principal place of business at 330 Link Way Estate, Link Road, Malad (W), Mumbai, Maharashtra, India.

5. On information and belief, defendant C3 Financial Services Inc. ("C3 Financial") is the registrant of the domain name of VIRGINMONEYUSA.COM and is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1417 Allan Lane, West Chester, Pennsylvania, 19380.

6. On information and belief, defendant Internet Equity Investors, LLC ("IEI") is the registrant of the domain name of VIRGINPROPERTIES.COM and is a limited liability company organized and existing under the laws of Nevada, having its principal place of business in Dallas, Texas 75370.

7. On information and belief, defendant 1734488 Ontario Inc. ("Ontario") is the registrant of the domain name VIRGINPROPERTIES.NET and is a corporation organized and existing under the laws of Canada, having a purported address at 42 Mattamy Place, Nepean, Ontario, K2G GK1, Canada.

8. On information and belief, defendant Quentrall Air Conditioning Services ("Quentrall") is the registrant of the domain name of the VIRGIN-PROPERTIES.COM, having an address at 597 High Road, London, N12 00Y, England.

9. This action arises under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq., the New York General Business Law § 360-l, and the common law of the State of New York.

10. Jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338(a) and (b), 15 U.S.C. §§ 1121 and 1125(d), and 28 U.S.C. § 1367.

## FIRST CAUSE OF ACTION

11. Plaintiff and related companies (collectively, the "Virgin Group") conduct numerous worldwide businesses under the trade name, trademark, and service mark VIRGIN. A description of Virgin Group company operations appears at the Internet web site associated with the domain name www.virgin.com. In the year ending December 31, 1999, Virgin Group companies employed more than 25,000 staff in twenty-six (26) countries and had worldwide sales revenues in excess of U.S. $5 billion.

12. VEL's licensee, Virgin Atlantic Airways Limited ("VAA"), has provided VIRGIN-branded air travel, air freight, courier, cargo, and related services in United States commerce since 1984. VAA currently provides VIRGIN and VIRGIN ATLANTIC travel-related services utilizing a fleet of Boeing 747 and Airbus A340 aircraft providing daily departures to and from New York (JFK) and New Jersey (Newark), Boston, Washington, D.C., Orlando, Miami, Los Angeles, Las Vegas, and San Francisco. A description of VAA operations appears at the Internet web site associated with the domain name www.virgin-atlantic.com.

13. VEL's licensee, Virgin Entertainment Group ("VEG"), has provided VIRGIN-branded retail store services in United States commerce since 1992. VEG currently operates a chain of VIRGIN and VIRGIN MEGASTORE retail stores in major cities of the United States, including locations in Arizona, California, Colorado, Florida, Illinois, New York, Texas, and Utah. A description of VEG operations appears at the Internet web site associated with the domain name www.virginmegamagazine.com.

14. VEL's licensee, Virgin Mobile USA, LLC ("VMU"), has offered VIRGIN-branded wireless telecommunications products and services in United States commerce since June 2002. VMU currently provides VIRGIN and VIRGIN MOBILE wireless services to more than three million subscribers located in more than 4,000 cities and communities located throughout the United States. A description of VMU operations appears at the Internet web site associated with the domain name www.virginmobileusa.com.

15. VEL licensees offer diverse VIRGIN-branded merchandise and online services including VIRGIN broadband telecommunications services, VIRGIN audio CD's, VIRGIN online shopping services, and diverse VIRGIN information services.

16. VEL is the owner of numerous United States registrations of trademarks and service marks comprising the word VIRGIN, including:

    (a) U.S. Reg. No. 1,039,574 for VIRGIN & Design as applied to "sound records in the form of discs and tapes and cassettes for use therewith";

    (b) U.S. Reg. No. 1,413,664 for VIRGIN as applied to "air travel services";

    (c) U.S. Reg. No. 1,517,801 for VIRGIN (stylized) as applied to "pre-recorded audio and/or video tapes, cassettes and cartridges; pre-recorded audio and video discs, phonograph records; photographic and cinematographic films";

    (d) U.S. Reg. No. 1,591,952 for VIRGIN (stylized) as applied to "printed sheet music; fictional and non-fictional books, biography and autobiography books, periodicals, namely, paperback books all dealing with music, films and entertainment; paper for packaging, paper cases; writing instruments, namely, pens, pencils, ball point pens, stationery and office supplies, namely, writing paper, playing cards" and "articles of outer clothing, namely, shirts, t-shirts, sweat shirts, jackets, hats, clothing caps, clothing belts";

    (e) U.S. Reg. No. 1,597,386 for VIRGIN as applied to "printed sheet music; mounted photographs; posters, fictional and non-fictional books, biography and autobiography books, periodicals, namely, journals, paperback books all dealing with music, films and entertainment; paper for packaging, paper cases; stationery and office supplies, signs of paper or cardboard, playing cards" and "articles of outer clothing, namely, shirts, t-shirts, sweat shirts, jackets, hats, clothing caps, clothing belts";

(f) U.S. Reg. No. 1,851,817 for VIRGIN as applied to "transportation of goods and passengers by road and air, freight transportation services; travel agency services"; and "retail store services in the fields of cameras, records, audio and video tapes, computers and electronic apparatus, and watches, sheet music, books and photography, handbags, purses, luggage and leather goods, clothing, games, video game machines and video game cartridges";

(g) U.S. Reg. No. 1,852,776 for VIRGIN (stylized) as applied to, among other things, "bars; rental of food service equipment; namely, vending machines; portrait and aerial photography; typesetting and printing services; and retail store services in the fields of cameras, records, audio and video tapes, computers and electronic apparatus, and watches, sheet music, books and photography, handbags, purses, luggage and leather goods, clothing, games, video game machines and video game cartridges";

(h) U.S. Reg. No. 1,863,353 for VIRGIN MEGASTORE as applied to "retail department store services";

(i) U.S. Reg. No. 2,151,589 for VIRGIN VODKA as applied to "vodka";

(j) U.S. Reg. No. 2,237,092 for VIRGIN VACATIONS as applied to "arranging the transport of passengers by air and road, arranging and conducting travel tours, travel agency services, namely, making reservations and bookings for transportation, and transportation reservation services; resort hotel and hotel reservation; travel agency services, namely, making reservations and bookings for temporary lodging":

(k) U.S. Reg. No. 2,482,726 for VIRGIN ATLANTIC VACATIONS for "transportation of and arranging transportation of goods and passengers by road, rail, air and sea; transportation of human beings by means of land vehicles; automobile and motorcycle rental services; chauffeur services; tourist agency services; travel agency services, namely, making reservations and bookings for transportation; arranging and/or conducting travel tours; and arranging visits to places of interest; Making hotel reservations for others; arranging, organizing and providing facilities for exhibitions and conferences; and providing beauty salons and hairdressing, massage, manicure and pedicure services";

(l) U.S. Reg. No. 2,488,605 for VIRGIN CARGO WINGS for "freight airline services; arranging of transportation of goods by air; packaging and storage of goods";

(m) U.S. Reg. No. 2,488,605 for VIRGIN HEALTHCARE FOUNDATION & Device for "charitable fundraising";

(n) U.S. Reg. No. 2,586,162 for VIRGIN as applied to "articles of luggage, namely, suitcases; bags; namely, back packs, rucksacks, school bags, school satchels, traveling bags, sports bags, all purpose sports bags for campers and

climbers, textile shopping bags; wallets; umbrellas and parasols";

(o) U.S. Reg. No. 2,600,080 for VIRGIN (stylized) as applied to "non-alcoholic beverages, namely, soft drinks";

(p) U.S. Reg. No. 2,622,510 for VIRGIN (stylized) as applied to "underwriting life, health and general insurance; funds investment; investment of funds for others; open and close-ended funds investment; financial analysis and consultation in the field of securities, personal equity and tax advantaged savings";

(q) U.S. Reg. No. 2,625,455 for VIRGIN as applied to "computerized communication services, namely, electronic mail services, and providing networks for the purpose of transmission and reception of electronic mail, computer generated music, news and other data and information; and broadcasting services by radio and over a global computer network of a wide variety of programs, namely, current events, economics, politics, sports, entertainment, the arts and business" and "providing an on-line shopping mall via a global computer network; providing business information via a global computer network";

(r) U.S. Reg. No. 2,639,079 for VIRGIN HOLIDAYS for "transportation of passengers and goods by road, rail and air; arranging of package holidays; arranging and organizing tours; arranging visits to places of interest; tourist office services; travel agency services, namely, making reservations and bookings for transportation; transportation reservation services; travel agency services, namely, making reservations and bookings for temporary lodging";

(s) U.S. Reg. No. 2,643,644 for VIRGIN VIE (stylized) as applied to "perfumes; eau-de-cologne; non-medicated toilet preparations, namely, lotions and moisturizers; non-medicated preparations for the care of the skin, hands, scalp and body, namely, moisturizers, lotions, creams and gels; non-medicated skin cleansing preparations, namely, lotions, creams and gels; creams and lotions for the skin; nail varnishes";

(t) U.S. Reg. No. 2,675,758 for VIRGIN as applied to "articles of luggage, namely, garment bags; trunks; bags, namely, beach bags, hunters' game bags, handbags; mesh shopping bags and leather or leather imitation shopping bags, sling bags for carrying infants; briefcases; purses; walking sticks" and "gloves";

(u) U.S. Reg. No. 2,689,097 for VIRGIN (stylized) as applied to "mobile telephones, telephones; modems; batteries; battery chargers, cigarette lighter adapters; dashboard mounts; hands-free headsets; carrying cases; belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the Internet; personal communications services; pager services; electronic mail services; transmission or broadcast of news and information for others via telephone

including the Internet";

(v)  U.S. Reg. No. 2,689,098 for VIRGIN as applied to "mobile telephones; telephones; modems; batteries; battery chargers; cigarette lighter adapters; dashboard mounts; hands-free headsets; carrying cases; belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; pager services; electronic mail services; transmission or broadcast of news and information for others via telephone, including the Internet";

(w)  U.S. Reg. No. 2,709,578 for VIRGIN (stylized) as applied to, among other things, "sound records of music in the form of discs and tapes and cassettes; pre-recorded audio or video tapes, cassettes and cartridges featuring music; pre-recorded audio and video discs, phonograph records featuring music; data processors and displays; graphical interface to aid the delivery of interactive products and services by cable or wireless transmission; parts for the aforesaid goods; computer game software; computer software for educational computer games, for calculators, for global computer network access and for music products; computer hardware"; "mineral waters, aerated waters, and flavored waters"; "fruit flavored drinks"; and "vodka";

(x)  U.S. Reg. No. 2,717,644 for VIRGIN as applied to "soft drinks";

(y)  U.S. Reg. No. 2,770,775 for VIRGIN MOBILE as applied to, among other things, "mobile telephones, telephones and modems, and accessories therefore, namely, batteries; battery chargers; cigarette lighter adapters; hands-free headsets; carrying cases and belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; pager services; electronic mail services; transmission or broadcast of news and information for others via telephone, including the Internet";

(z)  U.S. Reg. No. 2,770,776 for VIRGIN MOBILE (stylized) as applied to, among other things, "mobile telephones, telephones and modems, and accessories therefore, namely, batteries; battery chargers; cigarette lighter adapters; hands-free headsets; carrying cases and belt clips" and "telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; pager services; electronic mail services; transmission or broadcast of news and information for others via telephone, including the Internet";

(aa)  U.S. Reg. No. 2,798,130 for VIRGIN (stylized) as applied to "playing cards, writing instruments, namely, pens, pencils and ball point pens"; "luggage"; "leisurewear, namely, fleece tops and shirts; articles of outer clothing, namely T-shirts, sweat shirts, jackets, hats, clothing caps"; "sporting articles, namely, golf tees"; "preparing advertising, promotions, and public relations materials for others; demonstration of the goods of others and the promotion thereof; and distribution and dissemination of advertising, promotional materials and

sample materials of others"; "electronic transmission and display of information for business or domestic purposes from a computer stored data bank"; and "retail store services in the fields of records, audio and video tapes, computers and electronic apparatus and watches, books, luggage and leather goods, clothing, games, video game cartridges, and cafes";

(bb) U.S. Reg. No. 2,808,270 for VIRGIN ATLANTIC for "transportation of and arranging transportation of goods and passengers by road and air; freight transportation services by air; transportation of human beings by means of land vehicles; chauffeur services; travel agency services, namely, making reservations and bookings for transportation; arranging and/or conducting travel tours; operation of aircraft for others";

(cc) U.S. Reg. No. 2,818,572 for VIRGIN VIE (stylized) as applied to "soaps; shampoos; toilet waters; essential oils for personal use; shaving preparations; after-shave lotions; shaving foams; non-medicated toilet preparations, namely, soaps, shampoos, conditioners, non-medicated bath salts and bath oils; anti-perspirants, deodorants for use on the person; depilatories; dentifrices; mouthwashes; cosmetics, namely, foundation creams and lotions, face powders, blusher, lipsticks, lip gloss, and eye make-up; sun tanning and sun screening preparations; non-medicated preparations for the care of the skins hands, scalp and body, namely, toners, exfoliators, scrubs, soaps, nail care preparations namely, shampoos, conditioners, lotions, styling gels, mousse, oils, sprays, hair coloring and decolorant preparations; dyes for the hair and permanent waving and curling preparations; non-medicated skin cleansing preparations namely, cleansers, exfoliators, scrubs, soaps and toners; talcum powders; nail varnish removers; nail care preparations; artificial nails and adhesives therefor; glues, adhesives, acrylic, and silk and linen wraps for the repair of artificial nails; artificial eyelashes and adhesives therefore":

(dd) U.S. Reg. No. 2,870,028 for VIRGIN XTRAS as applied to "mobile telephones; computer software downloadable from the Internet for transmission, reception and storage of voice, data, images, e-mail and digital information; Telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; electronic mail services; transmission or broadcast of news and information for others via telephone, including the internet."

(ee) U.S. Reg. No. 3,009,266 for VIRGIN (stylized) for "operation of leisure centers, namely, providing cosmetic and body care services";

(ff) U.S. Reg. No. 3,100,295 for VIRGIN XL as applied to "mobile telephones; computer software downloadable from the Internet for transmission, reception and storage of voice, data, images, e-mail and digital information; Telecommunications services, namely, transmission of voice, data, images, audio, video, and information via telephone or the internet; personal communications services; electronic mail services; transmission or broadcast

of news and information for others via telephone, including the internet" and;

(gg) U.S. Reg. No. 3,174,388 for VIRGIN as applied to "soaps; shampoos; non-medicated toilet preparations, namely, soaps, shampoos, lotions and moisturizers; antiperspirants; deodorants for use on a person; cosmetics namely, foundation creams and lotions; non-medicated preparations for the care of the skin, hands, scalp and body, namely, moisturizers, lotions, creams, soaps, gels, hair care preparations, namely, shampoos, non-medicated skin cleansing preparations, namely, cleansers, lotions, creams, soaps; creams and lotions for the skin."

(hh) U.S. Reg. No. 3,188,282 for VIRGIN as applied to "vodka and wine";

(ii) U.S. Reg. No. 3,209,714 for VIRGIN (stylized) for "entertainment services, nan online computer games";

(jj) U.S. Reg. No. 3,209,716 for VIRGIN for "entertainment services, namely, prov computer games";

(kk) U.S. Reg. No. 3,320,095 for VIRGIN (stylized) as applied to "organizing cultural activities and events; operation of fitness centers; operation of leisure centers, namely, providing library and Internet access facilities; and providing health club services";

17. By reason of more than thirty (30) years of continuous and substantially exclusive use, as well as Virgin Group companies' expenditure of tens of millions of dollars in advertising and promotion, VEL's VIRGIN marks have come to be famous and to symbolize extensive goodwill identifying Virgin Group companies and their founder, Sir Richard C.N. Branson. Interbrand in 1997 identified VIRGIN as one of The World's Top 100 Brands, ranking it in a tie with CANON, just below KLEENEX.

18. Commencing at a time currently unknown to VEL, but long after VEL commenced use of VIRGIN to identify diverse businesses, products, and services offered in the United States commerce, defendant Frank adopted and commenced use of VIRGIN-INVESTMENT.COM as a purported designation for financial services rendered in the United States commerce.

19. Commencing at a time currently unknown to VEL, but long after VEL commenced use of VIRGIN to identify diverse businesses, products, and services offered in the United States

commerce, defendant Smol adopted and commenced use of VIRGIN-AMERICA.COM as a purported designation for air travel-related services rendered in the United States commerce.

20. Commencing at a time currently unknown to VEL, but long after VEL commenced use of VIRGIN to identify diverse businesses, products, and services offered in the United States commerce, defendant C3 Financial adopted and commenced use of VIRGINMONEYUSA.COM as a purported designation for financial services rendered in United States commerce.

21. The conduct of defendants Frank, Smol, and C3 Financial is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of defendants with VEL, or as to the origin, sponsorship, or approval by VEL of defendants' goods, services, or commercial activities.

22. The conduct of defendants Frank, Smol, and C3 Financial threatens VEL with irreparable harm to its reputation and goodwill in New York and elsewhere.

23. Defendants have carried out one or more acts of infringement utilizing services provided by Verisign, Inc. ("Verisign") in New York. Verisign is the registry of the Internet domain names VIRGIN-INVESTMENT.COM, VIRGIN-AMERICA.COM, VIRGINMONEYUSA.COM, VIRGINPROPERTIES.COM, VIRGINPROPERTIES.NET, and VIRGIN-PROPERTIES.COM.

24. Defendants Frank, Smol, and C3 Financial are liable to VEL for registered trademark and service mark infringement in violation of 15 U.S.C. § 1114(1).

## SECOND CAUSE OF ACTION

25. Paragraphs 1-24, above, are realleged and incorporated by reference as if set forth in full.

26. Defendants Frank, Smol, and C3 Financial are liable to VEL for violation of 15 U.S.C. § 1125(a).

### THIRD CAUSE OF ACTION

27. Paragraphs 1-26, above, are realleged and incorporated by reference as if set forth in full.

28. VEL's VIRGIN mark was famous prior to defendants' adoption and use in United States commerce of the Internet domain names VIRGIN-INVESTMENT.COM, VIRGIN-AMERICA.COM, VIRGINMONEYUSA.COM, VIRGINPROPERTIES.COM, VIRGINPROPERTIES.NET, and VIRGIN-PROPERTIES.COM.

29. The conduct of defendants Frank, Smol, and C3 Financial is likely to injure VEL's business reputation and dilute the distinctive quality of VEL's famous VIRGIN name and mark.

30. Defendants are liable to VEL for dilution under 15 U.S.C. § 1125(c).

### FOURTH CAUSE OF ACTION

31. Paragraphs 1-30, above, are realleged and incorporated by reference as if set forth in full.

32. Defendants Frank, Smol, and C3 Financial are liable to VEL for dilution under New York General Business Law § 360-l.

### FIFTH CAUSE OF ACTION

33. Paragraphs 1-32, above, are realleged and incorporated by reference as if set forth in full.

34. The Internet domain names VIRGIN-INVESTMENT.COM, VIRGIN-AMERICA.COM, VIRGINMONEYUSA.COM, VIRGINPROPERTIES.COM,

VIRGINPROPERTIES.NET, and VIRGIN-PROPERTIES.COM are confusingly similar to or dilutive of the mark VIRGIN.

35. On information and belief, defendants registered the Internet domain names VIRGIN-INVESTMENT.COM, VIRGIN-AMERICA.COM, VIRGINMONEYUSA.COM, VIRGINPROPERTIES.COM, VIRGINPROPERTIES.NET, and VIRGIN-PROPERTIES.COM with bad faith intent to profit from VEL's VIRGIN mark.

36. Defendants are liable to VEL for cyberpiracy in violation of 15 U.S.C. § 1125(d).

## SIXTH CAUSE OF ACTION

37. Paragraphs 1-36, above, are realleged and incorporated by reference as if set forth in full.

38. Defendants are liable to VEL for unfair competition and misappropriation under New York law.

WHEREFORE, Plaintiff VEL prays that the Court:

(i) declare, adjudge, and decree that defendants Frank, Smol, and C3 Financial are liable to VEL for registered trademark service mark infringement in violation of 15 U.S.C. § 1114(1);

(ii) declare, adjudge, and decree that defendants Frank, Smol, and C3 Financial are liable to VEL for violation of 15 U.S.C. § 1125(a);

(iii) declare, adjudge, and decree that defendants Frank, Smol, and C3 Financial are liable to VEL for dilution under 15 U.S.C. § 1125(c);

(iv) declare, adjudge, and decree that defendants Frank, Smol, and C3 Financial are liable to VEL for dilution under N.Y. Gen. Bus. Law § 360-l;

(v) declare, adjudge, and decree that all of the defendants are liable to VEL for cyberpiracy in violation of 15 U.S.C. § 1125(d);

(vi) declare, adjudge, and decree that all of the defendants liable to VEL for unfair competition and misappropriation under New York common law;

(vii)     grant preliminary and permanent injunctions restraining defendants from engaging in any further acts constituting trademark or service mark infringement, trade name infringement, cyberpiracy, unfair competition, or misappropriation;

(viii)     order defendant Frank, and any person acting in concert or participation with defendant Frank, to transfer to VEL the domain name VIRGIN-INVESTMENT.COM and any other domain name that comprises the word VIRGIN;

(ix)     order defendant Smol, and any person acting in concert or participation with defendant Smol, to transfer to VEL the domain name VIRGIN-AMERICA.COM and any other domain name that comprises the word VIRGIN;

(x)     order defendant DIPL, and any persons acting in concert or participation with defendant DIPL, to transfer to VEL the domain name VIRGINMACAU.COM and any other domain name that comprises the word VIRGIN;

(xi)     order defendant C3 Financial, and any person acting in concert or participation with defendant C3 Financial, to transfer to VEL the domain name VIRGINMONEYUSA.COM and any other domain name that comprises the word VIRGIN;

(xii)     order defendant IEI, and any persons acting in concert or participation with defendant IEI, to transfer to VEL the domain names VIRGINPROPERTIES.COM and any other domain name that comprises the word VIRGIN;

(xiii)     order defendant Ontario, and any persons acting in concert and participation with defendant Ontario, to transfer to VEL the domain name VIRGINPROPERTIES.NET and any other domain name that comprises the word VIRGIN;

(xiv)     order defendant Quentrall, and any persons acting in concert and participation with defendant Quentrall, to transfer to VEL the domain name VIRGIN-PROPERTIES.COM and any other domain name that comprises the word VIRGIN;

(xv)     order that the domain names VIRGIN-INVESTMENT.COM, VIRGIN-AMERICA.COM, VIRGINMONEYUSA.COM, VIRGINPROPERTIES.COM, VIRGINPROPERTIES.NET, and VIRGIN-PROPERTIES.COM and any other domain names that comprise the word VIRGIN and are registered to any of named defendants in the ".com" or ".net" top-level domains, be forfeited, canceled, or deleted by non-party Verisign Inc., the registry of those domain names;

(xvi)     award VEL compensatory damages as provided by law;

(xvii)  award VEL statutory damages as provided by law;

(xviii) award VEL punitive damages as provided by law;

(xix)   award VEL treble damages as provided by law;

(xx)    award VEL its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(xxi)   award VEL such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 17, 2007

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

By: _____
    James W. Dabney (JD 9715)
    Darcy M. Goddard (DG 2260)

One New York Plaza
New York, New York 10004-1980
Telephone: 212.859.8000

Attorneys for Plaintiff

553292

- 14 -

ffny02\dabnejam\552685.2